HOWARD MARTIN v. GEORGE H. SHEPPARD, COMPTROLLER.

No. 7224.  Decided March 3, 1937.
(102 S. W., 2d Series, 1036.)

*Elbert Hooper* and *Everett L. Looney*, both of Austin, for relator.

*Carrigan, Hoffman & Carrigan*, of Wichita Falls, and *Gus Farrar*, of Austin, for respondent.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original petition for mandamus filed in this Court by Howard Martin as relator against George H. Sheppard as respondent to compel respondent to issue to relator a warrant against the State Treasurer for the salary to which relator alleges he is entitled for the month of January, 1937, as district attorney of the Thirtieth Judicial District composed of the counties of Archer, Wichita, and Young. The county attorneys of the several counties just named are also made parties to this proceeding.

It appears from the record that the relator is the duly appointed, qualified, confirmed, and acting district attorney of the Thirtieth Judicial District, and was such during the month of January, 1937, if such office exists under the laws of this State. The respondent has refused to issue the warrant here involved because he is, at least, in doubt on that question. If the office exists, relator is entitled to the warrant, and its issuance is a mere ministerial duty. It follows that if the office exists the mandamus here sought should issue. We shall therefore proceed to decide that question. In order to do so it is proper for us to trace and discuss certain Acts of the Legislature.

As contained in R. C. S. of Texas, 1925 codification, Article 322 provided, in effect, that at each regular general election a district attorney should be elected in each judicial district and in each criminal district of this State, except as might otherwise be provided by law.

Article 322, supra, was amended by Senate Bill 404, Acts Regular Session, 40th Legislature, 1927, Chapter 151, page 222. By this amendment it was provided: "The following judicial districts of this State shall each respectively elect a district attorney, viz.: * * * thirtieth, * * * fortieth, * * *."

Article 322, supra, was again amended by Acts Regular Session, 43rd Legislature, 1933, House Bill 411, Chapter 43, page 74. By this amendment it was provided: "The following judicial districts of this State shall each respectively elect a district attorney, viz.: * * * thirtieth, * * *." This Act contained the following emergency clause:

"SEC. 2.   The fact that there is confusion in the present

law in so far as the same applies to the Fortieth Judicial District, which same includes only Ellis County, and the further fact that Ellis County was included by mistake when the above Article was amended in 1927 in order to clarify the existing law and to save the expense of having both a County and District Attorney in the above County, create an emergency and an imperative public necessity that the Constitutional Rule requiring bills to be read on three several days be suspended and this Act shall take effect immediately from and after its passage, and it is so enacted."

The above Act passed both Houses with a vote required to make it effective immediately upon approval. It was approved March 20, 1933, and therefore became effective on that date.

The Regular Session of the 43rd Legislature also passed another Act, known as House Bill 558. This Act is published as Chapter 87, page 114, Special Laws, Regular Session, 43rd Legislature. It reads as follows:

"H. B. No. 558.]          CHAPTER 87.

"An Act abolishing the office of District Attorney for the 30th Judicial District comprised of Young, Archer and Wichita Counties; and providing that the now County Attorneys shall act as Criminal District Attorneys for their respective counties from and after the date of the expiration of the term of office to which the now District Attorney was elected; and fixing the fees of their offices created by this Act, and repealing all laws in conflict herewith.

"*Be it enacted by the Legislature of the State of Texas:*

"SECTION 1. The District Attorney of the 30th Judicial District now elected and acting as such shall continue to hold the office of District Attorney of said 30th Judicial District in and for Wichita, Young and Archer Counties until the time for which he has been elected expires, and until there have been elected successors for the now County Attorneys and they have qualified as successors to the now County Attorneys. From and after the said date of induction into office of the now County Attorneys, the office of District Attorney of the 30th Judicial District shall cease to exist and no successor for the now District Attorney will be elected.

"SEC. 2. The County Attorneys of Archer, Young and Wichita Counties performing the duties of the District Attorney in their respective counties shall receive such fees for their services as are now or may hereafter be provided for County Attorneys performing like duties under and by virtue of the General Laws of this State.

"SEC. 3. That all laws or parts of laws in conflict with the provisions of this Act be and the same are hereby repealed."

The above Act did not pass both Houses by the recorded vote required to make it effective immediately upon approval. It was approved May 26, 1933, and will hereafter be referred to as the May 1933 Act. The Regular Session of the 43rd Legislature adjourned June 1, 1933. The above Act therefore became effective ninety days after that date, unless it was repealed before it became effective—a matter we will later discuss.

After the passage of the May 1933 Act, supra, the Legislature again amended Article 322. This amendment is House Bill 956, Acts Regular Session, 43rd Legislature, 1933. It is published as Chapter 107, page 150, Special Laws, Regular Session, 43rd Legislature. This last Act reads as follows:

"H. B. No. 956.]          "CHAPTER 107.

"An Act amending Article 322 of the 1925 Revised Civil Statutes of Texas, same being Acts 1927, 40th Legislature, Page 222, Chapter 151, by omitting the word 'fortieth' which same is the Fortieth Judicial District of Ellis County, Texas; declaring that it is the intent of this Act to affect only the Fortieth District and not to affect any other district; declaring the intent of the Legislature in the passage of House Bill No. 411, Regular Session of the 43rd Legislature to have been to affect only the Fortieth District, and declaring an emergency.

*"Be it enacted by the Legislature of the State of Texas:*

"SECTION 1. That Article 322 of the 1925 Revised Civil Statutes of Texas, same being Acts of 1927, 40th Legislature, Page 222, Chapter 151, shall be amended so as to hereafter read as follows:

" 'Article 322. The following Judicial Districts in this State shall each respectively elect a District Attorney, viz.: first, second, third, fourth, fifth, seventh, eighth, ninth, twelfth, twenty-first, twenty-second, twenty-third, twenty-fourth, twenty-fifth, twenty-seventh, twenty-ninth, thirtieth, thirty-first, thirty-second, thirty-third, thirty-fourth, thirty-fifth, thirty-sixth, thirty-seventh, thirty-eight[h], thirty-ninth, forty-second, forty-sixth, forty-seventh, forty-ninth, fiftieth, fifty-first, fifty-second, fifty-third, sixty-third, sixty-fourth, sixty-ninth, seventieth, seventy-second, seventy-fifth, seventy-sixth, seventy-ninth, eighty-first, eighty-third, ninetieth, hundredth, and hundred and sixth. There shall also be elected a Criminal District Attorney for Harris County, a Criminal District Attorney for Dallas County, a Criminal District Attorney for Tarrant County, and one Criminal District Attorney for the Counties of

Nueces, Kleberg, Kenedy, Willacy, and Cameron.'

"SEC. 2. This Act shall not alter, amend, or change any other law, General or Special of the State of Texas, affecting District Attorneys, and it is hereby declared the intention of the Legislature that the sole intent and purpose of this bill is to omit the Fortieth Judicial District from the list of Judicial Districts in which District Attorneys shall be elected. It is also hereby declared to have been the Legislative intent in the passage of House Bill No. 411, Regular Session of the 43rd Legislature to have affected only the Fortieth Judicial District and not to have amended, altered or changed any other Act or Statute, General or Special, relating to any other Judicial Districts.

"SEC. 3. The fact that there is confusion in the present law in so far as the same applies to the Fortieth Judicial District, which same includes only Ellis County, and the further fact that Ellis County was included by mistake when the above Article was amended in 1927 in order to clarify the existing law and to save the expense of having both a County and District Attorney in the above County, create an emergency and an imperative public necessity that the Constitutional Rule requring bills to be read on three several days be suspended and this Act shall take effect immediately from and after its passage, and it is so enacted."

The above Act passed both Houses of the Legislature by the recorded vote required to put it into immediate effect upon approval. It was approved June 8, 1933, and therefore became a law on that date. We shall hereafter refer to this Act as the June 1933 Act.

As will later appear in this opinion, we are chiefly concerned with the May 1933 Act and the June 1933 Act. The history of the other Acts becomes important, as will also later appear.

1 It will be noted that by the terms of the June 1933 Act it is required that a district attorney shall be elected in the *Thirtieth* Judicial District. This provision is in absolute and irreconcilable conflict with the provisions of the prior May 1933 Act abolishing the office of district attorney in such *Thirtieth* District. It follows that the June 1933 Act repealed the May 1933 Act. Townsend v. Terrell, 118 Texas 463, 16 S. W. (2d) 1063. It is true that the June 1933 Act does not expressly repeal the May 1933 Act, but the two Acts are so directly antagonistic to each other that as applied to the *Thirtieth* District both can not stand. It follows that the later Act must prevail.

It is seldom that two cases are so alike as this case and the Townsend Case, supra. In that case it is shown that the Legislature in 1927 abolished the office of district attorney for the Second District, effective, like the May 1933 Act, at the end of the then term. Subsequently the same Legislature passed an Act amending Article 322, supra, providing for the election of a district attorney in the several judicial districts of this State, including the Second. Under such a record it was held by this Court that the later Act, by necessary implication, repealed the former Act, because the two were in irreconcilable conflict with each other. We quote the following from the Townsend opinion:

"It will be observed that in the amendment approved March 25, 1927, there is no express repeal of the abolishing Act approved March 22nd. It is well settled that repeals by implication are not favored and that all acts and parts of acts *in pari materia* are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts can not stand as valid enactments."

If we fully understand him, counsel for respondent contends that notwithstanding the fact that there is a seeming conflict between the May 1933 Act and the June 1933 Act, still when Section 1 of the June 1933 Act, where the conflict expressly appears, is read in connection with Section 2 thereof, and viewed in the light of the entire Act, including the caption and the emergency clause, and further viewed in the light of the legislative history we have recited, it becomes evident that the Legislature did not intend to repeal the May 1933 Act. It is perfectly evident that the sustaining of such a contention would lead to the conclusion that the general statements contained in Section 2 of the June 1933 Act can be given effect to erase from Section 1 thereof the plain and unambiguous requirement that a district attorney shall be elected in the *Thirtieth* District. Certainly such a conclusion should not be drawn if it is reasonably possible to avoid it.

2  We are fully aware of the rule that it is proper to consider an entire Legislative Act, including the caption and the emergency clause, to ascertain the Legislative intent. Also, we are aware of the rule that it is even proper to consider the history

and circumstances of legislation to ascertain such Legislative intent. On the other hand, it is equally the rule that all parts of a Legislative Act should be given effect and reconciled if it is reasonably possible to do so. In regard to the June 1933 Act it is our duty to so construe it that Section 2 will not nullify any part of Section 1 if it is reasonably possible to give it such a construction.

3  It seems to be contended that because Section 2 of the June 1933 Act states that such Act "shall not alter, amend, or change any other law, general or special, of the State of Texas, affecting district attorneys," the Legislative intent not to repeal the May 1933 Act is expressed. We can not subscribe to this conclusion. At the time the June 1933 Act was passed the May 1933 Act had never become a law. As already shown it did not pass both Houses of the Legislature with the vote required to make it effective immediately upon approval. It therefore was not even a law at the time the June 1933 Act was passed and approved. Missouri, K. T. &. Ry. Co. v. State, 100 Texas 420, 100 S. W. 766; Popham v. Patterson, 121 Texas 615, 51 S. W. (2d) 680. It follows that the provision in Section 2 of the June 1933 Act, to the effect that it shall not alter, amend or change any other law, can reasonably be held not to refer to the May 1933 Act, because such May 1933 Act was not then a law.

4  Section 2 of the June 1933 Act, after stating in effect that it is not intended to alter, amend, or change any other law affecting district attorneys, proceeds further to state, in effect, that it is the sole intention of the Legislature to omit the Fortieth Judicial District from the list of judicial districts in which district attorneys shall be elected. Section 2 then proceeds to declare what the Legislative intent was in the passage of House Bill 411, supra. In substance, it is stated that that Act, House Bill No. 411, was intended to have only affected the office of district attorney in the Fortieth Judicial District. We see nothing in these provisions that ought to be held to erase from Section 1 of the June 1933 Act the plain and unambiguous provision requiring the election of a district attorney for the *Thirtieth* Judicial District. Finally, we think that when Section 2 of the June 1933 Act is read as a whole and considered in the light of the balance of the Act, including the caption and the emergency clause, it expresses a purpose to make certain a prior intent to abolish the office of the district attorney in the Fortieth Judicial District, and it expresses no other purpose.

When the caption of the June 1933 Act is read in the light

of the construction we have placed on Section 2 of the Act it becomes evident that it expresses the same purpose as does such section. It follows that the caption is not misleading and that the Act itself is not antagonistic to it.

It appears from the record before us that when the question of appointing a district attorney was presented to the Governor of this State he called upon the Attorney General's Department to render an opinion as to whether or not the office of district attorney existed in the Thirtieth Judicial District. The Governor did not make this appointment until he received the ruling asked for. It appears that the Attorney General's Department ruled in harmony with the opinion we have here expressed. In other words, such Department ruled that the office of district attorney of the Thirtieth Judicial District of this State is now in existence. We quote the following from the Attorney General's opinion:

"The only difference between the case decided by the Supreme Court and the question presented in your letter is a recital contained in the act of the 43rd Legislature amending Article 322 which appears in Section 2 of said act stating that the sole purpose of said amendment was to leave out the 40th Judicial District and not to affect any other district. It seems to the writer that since the purpose of the act amending Article 322 as passed by the 43rd Legislature was to abolish the office of district attorney in the 40th Judicial District that the expression of the Legislature contained in Section 2 of the bill can only logically be construed to mean that it was not the purpose or the intention of the Legislature in said amendment to abolish the office of district attorney in any other district named therein save to abolish that office in the 40th Judicial District, and that the legal effect of the said amendment was to recreate said office in the 30th Judicial District. The act amending Article 322 provided clearly and expressly for the election of a district attorney in the 30th Judicial District, the recital of intention to leave out only the 40th Judicial District clearly implied a definite intention to provide for the election of district attorneys in all the other districts named therein, including the 30th District."

From all that has been said it is evident that we hold that the June 1933 Act operated to repeal the May 1933 Act before the latter Act even became a law. It follows that the office of district attorney for the Thirtieth Judicial District is in existence; in fact, it was never abolished.

The mandamus here applied for will issue as prayed for by the relator.

Opinion delivered March 3, 1937.