. **Jack BARRON and wife, Ina Barron, Appellants,**

v.

**Mrs. Charles PHILLIPS et al., Appellees.**

**No. 8453.**

Court of Civil Appeals of Texas, Texarkana.

Nov. 30, 1976.

J. R. Cornelius, The Cornelius Law Firm, Jefferson, for appellants.

G. Brockett Irwin, Longview, for appellees.

CHADICK, Chief Justice.

This is a temporary injunction case. After a hearing in the court below, the trial judge denied relief. The judgment of the trial court is reversed and the case is remanded with instructions and temporary injunction, as prayed, is granted by this Court, pending issuance of this Court's mandate and the grant of relief by the trial court in accordance with instructions.

I

W. R. Pillion and Totsie Pillion, husband and wife, owners of an 8.93 acre tract of land in the John N. Robertson Survey of Marion County, Texas, conveyed a part thereof to Jack and Ina Barron, husband and wife. Conveyance was by warranty deed dated August 12, 1974, in which two tracts were described. The description of the first tract of land has a call "to a stake in said line for corner, said corner being on the West end or side of a 25 foot wide street or access road;" followed by this call, "Thence North 472.8 ft. with the West edge of said road to a stake for corner, same being the SEC of a 67/100 acre tract; . . .". The second tract description contained a call for a corner "same being on the East side of a 25 foot wide road or street;" followed by this call, "Thence South 113.7 feet with the East edge of said road to a stake for corner; . . .".

In the course of negotiations between the parties to the deed a plat of the 8.93 acre tract owned by the Pillions was exhibited by them to the Barrons. A reproduction of

this plat, reduced in size, is incorporated herein as Exhibit 1. Though not described by lot numbers, the first tract conveyed describes the area of Lots 5, 6, 7 and 8 as they appear on the plat and the second tract describes the area of Lot 2 shown by the plat. The plat plainly depicts a 25 foot wide North-South strip running the length of the 8.93 acre tract separating Lots 1, 2, 3 and 4 from Lots 5, 6, 7, 8 and 9 and forming a boundary to one side of each lot. There is evidence the lots and access strip were staked off on the ground. The testimony is in agreement that the Pillions showed the plat to the Barrons as well as the staked subdivision, and that Mr. Pillion agreed to open the strip for access purposes and paid part of the expense of clearing, grading and making the strip suitable as a road. Shortly after the conveyance, the Barrons moved a mobile home onto the area represented by Lots 5 and 6 on the plat and erected a shop on Lot 8. Thereafter the strip was continuously used by the Barrons as an avenue of ingress and egress. After conveyance to the Barrons, the Pillions continued to operate a motel on Lot 1 and lived in a house nearby.

On the 21st day of June, 1976, the Pillions conveyed by metes and bounds description platted Lots 1 and 9 to Charles M. Phillips and Dewana Virginia Phillips, husband and wife. Conveyance was by warranty deed in which a vendor's lien was retained. The deed described two tracts. In the first tract's description there is a call for corner "same being on the East end of a 25-foot wide street" followed by this call, "Thence South 166.5 feet with said street to a stake for corner, same being the NWC of Lot No. 2 of the 'Lake O' The Pines Addition'; ". The second tract's description had a call for a corner "on the West edge of a 25-foot wide street, and said corner being at the NEC of Lot No. 8 of the 'Lake O' The Pines Addition';" followed by this call, "Thence North 196 feet with the WBL of said street to a stake on the SBL of Quasi-Public Road; ".

The evidence is not clear but it appears that sometime after the Phillipses purchased the two lots from the Pillions, the Phillipses placed a trailer house in such a position that it either partially encroached upon or completely blocked the North end of the access road shown by the plat and household sewage water was discharged thereon, but apparently the Barrons managed to continue to use the strip for ingress and egress although the discharged water created a mud problem. Three or four days before this suit was filed, Mrs. Barron found the North end of the access road completely blocked and a sign saying "Private Property". Mrs. Phillips told her the road was private property and to stay out, threatening to sue Mrs. Barron and make her sorry if she used the road. A huge tree trunk was placed across the road and later the road was bulldozed to render it unusable and six or seven more tree trunks were placed in the area between Lots 1 and 9 as an impediment to the street's use. This effectively blocked the use of the access road as a way to and from the Barron property. Suit was filed October 19, 1976, and on the next day, October 20, 1976, the Pillions conveyed by warranty deed to the Phillipses the North end of the 25 foot access strip that lies between and had theretofore separated Lots 1 and 9.

II

In this case, as in all temporary injunction cases, the issue presented on appeal is whether the trial court abused its discretion in issuing or refusing a writ. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953); 31 Tex.Jur.2d, Injunctions, Sec. 37, p. 89. The question turns, in this instance, on whether the Barrons showed themselves entitled to injunctive relief as a matter of law. 31 Tex.Jur.2d, Injunctions, Sec. 36, p. 88. Though all evidence adduced cannot well be set out, this Court is satisfied the material facts are undisputed and that under settled law the Barrons were entitled to the relief prayed.

## III

■ The early case of *Oswald v. Grenet,* 22 Tex. 94 (1858) set the general course of Texas law as it now pertains to private easements by estoppel, saying:

". . . when once a way, street, etc., has been laid out on the soil, or on a map, and property has been purchased in reference thereto, the resumption of the street, or way, by the proprietor, would be an act of bad faith, and a fraud upon any interests acquired upon the faith of it being left open. Hence, it operates as an estoppel *in pais* of the owner, from exclusive use of the property, or indeed any use, which is inconsistent with the public use, to which it has been dedicated."

Development of the law may be traced through *Harrison v. Boring,* 44 Tex. 255 (1875); *Lamar County v. Clements,* 49 Tex. 347 (1878); *Spencer v. Levy,* 173 S.W. 550 (Tex.Civ.App. Austin 1915, writ ref'd); *Dallas Cotton Mills v. Industrial Co.,* 296 S.W. 503 (Tex.Com.App.1927); *Drye v. Eagle Rock Ranch, Inc.,* 364 S.W.2d 196 (Tex. 1962), and *Dykes v. City of Houston,* 406 S.W.2d 176 (Tex.1966). The rule is now established that a vendee who purchases a lot with reference to a map or plat showing an abutting street acquires a private easement in such street regardless of whether it had even been opened or dedicated to the public. The vendee by virtue of the private easement has the right to keep the street open and to make reasonable use thereof.

## IV

■ The rule as stated in *Oswald v. Grenet,* supra, and restated in many of the later cases does not require that the map or plat depicting a street or way be recorded or that it be referred to in the description of the land conveyed. In this instance, the vendor and vendee agreed that the Lake O' The Pines Addition plat was exhibited as a part of the sales negotiations between the Pillions and the Barrons. *Oswald v. Grenet,* supra, stands for the proposition that if

the natural inference to be gained from the plat is that the way shown was to be left open as a way for public use it constituted a representation to that effect. The Pillions also acknowledged the nature of the twenty-five foot strip in the deeds both to the Barrons and the Phillipses. These references in the deeds are probably sufficient to show an implied dedication of the strip to the public but this opinion will not be lengthened by a discussion of that theory. It is sufficient to say that under this record the Pillions and those in privy with them, the Phillipses, are estopped to deny the Barrons the use of the strip as a roadway.

## V

■ Disposition of this appeal will follow the pattern set by *Daniel v. Goesl,* 161 Tex. 490, 341 S.W.2d 892 (1961), and *Guerra v. McClellan,* 243 S.W.2d 715 (Tex.Civ.App. San Antonio 1951, Mand. Overr.). As the previous discussion indicates, the Barrons, under settled law and undisputed facts, were entitled to a temporary injunction as a matter of right at the time the case was heard in the District Court. The judgment of the trial court is reversed and the case remanded to it with instructions that the temporary injunction prayed for be granted. In conformance with the procedure outlined in *Guerra v. McClellan,* supra, and Tex.R.Civ.P. 434, a temporary restraining order, as prayed, is granted by this Court. The relief granted shall be effective until the mandate of this Court is received by the court below and relief there granted in accordance with the instruction herein. The relief granted by this Court will require Mrs. Phillips to remove obstructions from the access road and order her to desist from damaging the road or obstructing the Barrons from using the road; the writ here granted will issue upon the Barrons filing a bond in the sum of $5,000.00 that complies with the provisions of the law and the rules of civil procedure.

CORNELIUS, J., not participating.

EXHIBIT 1

## LAKE O' THE PINES ADDITION
### JNO. M. ROBERTSON SUR.
### MARION COUNTY, TEXAS.

W. R. PILLION, ET UX

PINEVIEW SUBDIVISION

DEFENDANT'S EXHIBIT NO. 1

Gilmer, Texas,
July 20th, '74;
Plat showing the "Lake O' The Pines Addition", in the Jno. M. Robertson Survey, Marion County, Texas, as Surveyed & staked by me.

R. E. McClelland
Reg. Public Surveyor
-Reg. No 943-

Ore City, Texas,
July 22nd 1974;
I, W. R. Pillion, fee owner of the property shown hereon & have caused this Addition to be made and hereby offer this plat for Recording

W. R. Pillion

THE STATE OF TEXAS)
COUNTY OF UPSHUR)
Before me, the undersigned, a Notary Public in and for said County & State Personally Appeared W. R. Pillion, who has Subscribed to the foregoing statement and states that he does not wish to retract Same.
Witness My Hand & Seal of Office, this ___ day of July, 1974
NOTARY PUBLIC, UPSHUR COUNTY, TEXAS

Jefferson, Texas,
July ___, 1974;
I, Sonny Haggard, Judge of the County Court of Marion County, Texas, do hereby accept this plat for Recording in the office of County Clerk.
Witness My Hand, this date

Sonny Haggard, County Judge
Marion County, Texas.