

# The Attorney General of Texas

February 24, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX 79401
806 747-5238

4313 N. Tenth, Suite F
McAllen, TX 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable G. Dwayne Pruitt
County Attorney
Terry County Courthouse
Brownfield, Texas 79316

Opinion No. H-1127

Re: Authority of the County Attorney of Terry County to represent the State of Texas in district court criminal matters.

Dear Mr. Pruitt:

You have asked if article 332b-1, V.T.C.S., as amended by the Legislature in 1977, authorizes the County Attorney of Terry County to represent the state in criminal matters before the 121st Judicial District Court, the territorial jurisdiction of which includes Terry County. V.T.C.S. art. 199 (121).

The 1977 amendment to article 332b-1, Acts 1977, 65th Leg., ch. 742, at 1866, added Terry County, among others, to the list of those affected by the statute, which now reads:

> Brazoria County . . . Terry County . . . and Rusk County, in all of which counties there is either the office of criminal district attorney or the office of county attorney performing the duties of a district attorney, the official performing such services shall be compensated for his services by the State in such manner and in such amount as may be fixed by the general law relating to the salary to be paid to district attorneys by the State.

(Emphasis added).

Although Terry County has been included in this listing, there has been no complementing legislation explicitly creating the office of criminal district attorney for Terry County or conferring upon the County Attorney of Terry County authority to perform the duties of a district attorney. On the contrary, article 326k-41, V.T.C.S., which creates the office of District Attorney for the 121st Judicial District of Texas, and which specifies that the district attorney "shall represent the State of Texas in all criminal cases in the District Court in each County within the District," is unrepealed unless the amendment to article 332b-1 repeals it by implication. See also Code Crim. Proc. arts. 2.01, 2.02.

The Legislature is constitutionally authorized to regulate the respective duties of district attorneys and county attorneys where a county is included in a district in which there is a district attorney, and on occasion the implied repeal of a statute by a conflicting one enacted later in time has accomplished the regulation. Tex. Const. art. 5, § 21. See Martin v. Sheppard, 102 S.W.2d 1036 (Tex. 1937); Townsend v. Terrell, 16 S.W.2d 1063 (Tex. 1929). See also Garcia v. Laughlin, 285 S.W.2d 191 (Tex. 1955); Neal v. Sheppard, 209 S.W.2d 388 (Tex. Civ. App. — Texarkana 1948, writ ref'd). But in those cases the implication was "clear, necessary, irresistible, and free from reasonable doubt," a prerequisite for repeals by implication. Ramirez v. State, 550 S.W.2d 121 (Tex. Civ. App. — Austin 1977, no writ). The Texas Supreme Court said in the Martin and Townsend opinions:

> It is well settled that repeals by implication are not favored, and that all acts and parts of acts in pari materia are to be construed as a whole and interpreted in such manner as that all may stand where such may reasonably be done. It is only where acts are so inconsistent as to be irreconcilable that a repeal by implication will be indulged. If there exists such conflict, then there is a presumption of the intention to repeal all laws and parts of laws in conflict with the clear intention of the last act. This is necessarily true where both acts cannot stand as valid enactments.

102 S.W.2d at 1039; 16 S.W.2d at 1064.

In our opinion there is not such a conflict between articles 326k-41 and 332b-1 that they cannot both stand. While it can be argued that article 332b-1, as amended, evidences by implication a legislative intent to modify article 326k-41 in some way, the way in which it was intended to be modified is not at all clear.

The act which amended article 332b-1 specifically changed the duties of county or district attorneys with respect to Castro County, Hale County, Swisher County, Ochiltree County, Hansford County and Hutchinson County, but not Terry County. V.T.C.S. arts. 332b-2, 332b-3, Acts 1977, 65th Leg., ch. 742, at 1866, 1867. The act affected Terry County only by specifying that the official in Terry County performing the services of a criminal district attorney or of a county attorney with the duties of a district attorney should be compensated by the State in the same manner and amount as district attorneys are compensated. Since there is in legal contemplation no such officer in Terry County at the present, the operation of the statute with respect to Terry County is only anticipatory of a time when the legal duties of its officers might change; it does not conflict with the present operation of article 326k-41.

In our opinion article 332b-1, V.T.C.S., does not authorize the County Attorney of Terry County to represent the state in criminal matters before the 121st Judicial District Court; it merely regulates the manner and amount of salary to be paid public officers of a type not legally extant in Terry County at present.

## S U M M A R Y

Article 332b-1, V.T.C.S., as amended in 1977, does not authorize the County Attorney of Terry County to represent the state in criminal matters before the 121st Judicial District Court.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst