**ENTERPRISE COMPANY, Appellant,**

v.

**CITY OF BEAUMONT et al., Appellees.**

**No. 8231.**

Court of Civil Appeals of Texas, Beaumont.

Sept. 22, 1978.

Rehearing Denied Oct. 12, 1978.

Chilton O'Brien, Beaumont, for appellant.

Thad Heartfield, Ken Wall, Beaumont, for appellees.

KEITH, Justice.

This is a temporary injunction case. After a hearing in the court below, the trial judge denied relief. The judgment of the trial court is reversed and the case is remanded with instructions, and temporary injunction, as prayed, is granted by this Court pending issuance of this Court's mandate and the grant of relief by the trial court in accordance with instructions.[1]

1. This paragraph is a quotation from *Barron v. Phillips*, 544 S.W.2d 752, 753 (Tex.Civ.App.—Texarkana 1976, no writ), an opinion by then Chief Justice Chadick, now upon the Supreme Court of Texas. We will follow the rationale of this case and *Guerra v. McClellan*, 243 S.W.2d 715, 720 (Tex.Civ.App.—San Antonio 1951, mandamus overruled), an opinion authored by Justice Norvell, who later graced our Supreme Court for many years.

2. There were two encounters, the first before noon in the Library Building. Clark said that the federal mediator told him to leave and "He came up to me again, and put his hand, his right hand, on my left shoulder. He exerted a little more pressure, and I exerted a little more resistance to pressure, leaning against it, and after a few minutes of that he abandoned body contact with me and again left the room."

The appeal is by the plaintiff below, Enterprise Company, publisher of two daily newspapers having a wide and influential circulation in the City of Beaumont, a Home Rule City which employs a number of individuals who, collectively, compose an organized fire department. The International Association of Firefighters, Local # 399, is a voluntary association of firefighters employed by the City and exists for the purpose of dealing with City concerning grievances, labor disputes, wages, etc., as authorized by *Section 3(4)* of *Tex.Rev.Civ. Stat.Ann. art. 5154c–1 (Supp. 1978)*, hereinafter referred to as the "Employee Relations Act" or "Act".

The facts are undisputed, defendants introducing no evidence. It was shown that one of plaintiff's reporters, Geoffrey G. Clark, was assigned to attend the meeting held on August 10, 1978, between representatives of City and Local # 399 wherein contract negotiations pursuant to the Employee Relations Act were in progress. Clark attended the first of such meetings held in the Beaumont Public Library and there were one or more federal mediators present at such time. At the second meeting, one of the mediators, without objection and with the acquiescence of the representatives of the negotiating parties, "cordially" ejected Clark from the meeting.[2]

The president of the local union and the City's negotiator confirmed, in essential detail, the facts related by Clark.

After the lunch break when the meetings resumed at a motel, Clark was present and met with the two federal mediators, learning that another meeting was to be held. Clark continued: ". . . I told them I didn't want to be bodily ejected but that I did want to, a third time, attempt to attend the meeting, and be requested to leave. . . . [W]hen the meeting was about to begin, [I] walked into the room and in essence asked them if they were ready to throw me out and they said yes, and we did it all very cordially. They threw me out and then I left." Clark continued:

"Q. You weren't pushed or shoved?

"A. No, sir, it was cordial.

"Q. But you unmistakably were evicted from the meeting?

"A. Yes, sir."

At the conclusion of the hearing, the trial court denied the relief sought by plaintiff and this appeal has been perfected. Pursuant to Tex.R.Civ.P. 385(d) (Supp.1978), we advanced submission and heard the oral arguments on September 21, 1978, eight days after the record was filed. We reverse and remand for the reasons now to be stated.

The defendants were in labor collective bargaining negotiations pursuant to the provisions of the Employee Relations Act. One of the sections of the Act which authorized *any* collective bargaining on the part of the defendant City is *Section 7(e)* which reads:

"All deliberations pertaining to collective bargaining between an association and a public employer or any deliberation by a quorum of members of an association authorized to bargain collectively or by a member of a public employer authorized to bargain collectively shall be open to the public and in compliance with the Acts of the State of Texas." [3]

Plaintiff contended that since the public at large had a right to attend the negotiating sessions pursuant to the quoted section of the statute, it, too, had a right to be present. It argues that it has an obligation to the public to report truthfully all items of general interest which its reporters learn have happened in the community; that it has a justiciable interest in protecting the right to inform the public of newsworthy items, pointing to the fact that wages of firefighters come from tax payments of citizens.

Both defendants challenged the right of plaintiff to prosecute and maintain this suit [4] and the contentions have been renewed upon this appeal. Defendant City now contends that plaintiff has no right to the injunction since it failed to show some special injury "sustained by him which is not sustained by the public generally." [5] The Union, citing *Corpus Christi Classroom Teachers Association v. Corpus Christi Independent School District*, 535 S.W.2d 429, 431–432 (Tex.Civ.App.—Corpus Christi 1976, no writ), apparently urges the same contention. We reject the suggestion that plaintiff did not show its right to have a reporter present at the *public* meeting.[6]

■ We are of the opinion that plaintiff has standing to maintain this suit under the rationale of *Houston Chronicle Publishing Co. v. City of Houston*, 531 S.W.2d 177, 185–186, 82 A.L.R.3d 1, 14 (Tex.Civ.App.—Houston [14th Dist.] 1975), writ ref'd n. r.

---

3. One court has said of the Florida "Government in the Sunshine Law", regulating open meetings: "This act is a declaration of public policy, the frustration of which constitutes irreparable injury to the public interest." *Times Publishing Co. v. Williams*, 222 So.2d 470, 473 (Fla.App.1969).

4. By special exception, City challenged petitioner's "justiciable interest in the subject matter of this controversy [because it did not allege] that plaintiff has an interest in the subject matter of this controversy which is separate and distinct from the interest of the public generally."

Local # 399 had a similarly worded exception. There is no record showing that either exception was considered by the Court.

5. These are the authorities cited in support of the contention noted above: *City of West Lake Hills v. State ex rel. City of Austin*, 466 S.W.2d 722, 727 (Tex.1971); *Holland v. Taylor*, 153 Tex. 433, 270 S.W.2d 219, 221 (1954); *Yett v. Cook*, 115 Tex. 205, 281 S.W.2d 837, 841 (1926); *San Antonio Conservation Society v. City of San Antonio*, 250 S.W.2d 259, 263 (Tex.

Civ.App.—Austin 1952, writ ref'd); *6 L. Lowe, TEXAS PRACTICE, Remedies § 131, at 170 (2d Ed. 1973)*; *1 R. McDonald, Texas Civil Practice § 3.03.3, at 229 (Rev.Ed.1965)*. We recognize the validity of the rules enunciated under the fact structures then under review. However, for the reasons set out herein, we find none to be apposite.

6. Our attention has been called to the recent opinion in *City of Abilene v. Shackelford*, 572 S.W.2d 742 (Tex.Civ.App.—Eastland 1978), involving the Open Meetings Act and the Open Records Act, neither of which is involved in our case. There, Chief Justice McCloud held that a television station failed to establish a justiciable interest so as to enable it to complain of a closed meeting of the Equal Opportunity Board.

With all due respect to the Court and deference to the author of *Shackelford*, we decline to follow it in a case involving the Employee Relations Act, believing that such a holding does not conform to the letter or spirit of the latter Act.

e., 536 S.W.2d 559 (Tex.1976).[7] The public had a right to see and observe the negotiations [*Art. 5154c–1, § 7(e)*],[8] and the rights of plaintiff were at least concurrent with and equal to those vested in the public generally. *Houston Chronicle Case,* supra (531 S.W.2d at 186).[9]

Our holding finds support in an opinion by Attorney General Hill. See *Opinion No. H–816* (April 30, 1976), wherein this language is to be found in the concluding sentence:

"Since we have discovered no exception to the clear language of the statute, it is our opinion that the actual bargaining sessions between a city and a police officers association are open to the public by virtue of section 7(e) of article 5154c–1."

Being convinced of its correctness, we adopt the rationale of *Opinion No. H–816.*

Although the parties have discussed the applicability of the Open Meetings Act, *Tex.Rev.Civ.Stat.Ann. art. 6252–17 (Supp. 1978),* we do not find it necessary to determine its applicability to the case at bar. It is sufficient to state that our decision finds ample support in the Employee Relations Act.

Defendants now contend that the injunction was properly denied because of the provisions of *Section 9(c)* of the Employee Relations Act, the applicable provisions of which are set out in the margin.[10] Plaintiff called the president of the local union and asked:

"Q What was the nature of the sessions [held in the forenoon in the Library]?

\* \* \* \* \* \*

"A Bargaining contract between [Local Union No.] 399 and the City of Beaumont.

"Q What was the purpose of the meeting you had at the Red Carpet Inn [during the afternoon]?

"A Along the same lines."

The negotiator for the City, Norman Aboosh, testified in substance, "We [the negotiating parties] felt that this was the mediator's meeting, and he was running it. . . .. He closed the meeting. . . .. And [threw] the reporter out."

The defendants argue that since the mediator was present, and was forbidden to make any "public recommendation on any negotiation issue in connection with the performance of his service" and also was forbidden to "make a public statement or report which evaluates the relative merits of the position of the parties", this authorized his action in closing the meeting to the public and the news media.

We disagree. It is not necessary for us to determine whether *Section 9(c)* overrides or is an exception to *Section 7(e)*; it is our duty to harmonize the two provisions so that the entire Act may be applied to the

7. We do not regard the reserved question noted in the *per curiam* opinion of the Supreme Court in the *Houston Chronicle Case* (536 S.W.2d at 561) as applicable to the case under review. The *right* of the newspaper to the information, equated to the *right* of the public generally, was upheld; the *extent* of the right of both was the reserved question—a matter not in this case. Cf. *Ex parte Pruitt,* 551 S.W.2d 706, 709 (Tex.1977).

8. No party to this proceeding has challenged the constitutionality of this section of the Employee Relations Act. Cf. *International Ass'n of Firefighters, etc. v. City of Kingsville,* 568 S.W.2d 391 (Tex.Civ.App.—Corpus Christi 1978, writ refused, n. r. e.).

9. One court, holding that a television station had standing to maintain a suit under its Open Meetings Law, based its ruling in part upon "the right of the people to be informed in a

practical way by the news media." *Channel 10, Inc. v. Independent School Dist. No. 709,* 298 Minn. 306, 215 N.W.2d 814, 821 (1974).

10. "If a mediator is appointed, his function shall be to assist all parties to reach a voluntary agreement. He may hold separate or joint conferences as he deems expedient to effect a voluntary, amicable, and expeditious adjustment and settlement of the differences and issues between the parties. He shall make no public recommendation on any negotiation issue in connection with the performance of his service nor shall he make a public statement or report which evaluates the relative merits of the position of the parties. The mediator may, however, recommend or suggest to the parties any proposal or procedure which in his judgment might lead to settlement."

fact situation now under review. *Martin v. Sheppard*, 129 Tex. 110, 102 S.W.2d 1036, 1039 (1937); *Lane v. Ross*, 151 Tex. 268, 249 S.W.2d 591, 594 (1952); *Marfa Independent School Dist. v. Davis*, 102 S.W.2d 283, 285 (Tex.Civ.App.—El Paso 1937, writ ref'd). This we do and thereby render effective both provisions of the statute.

*Section 7(e)* of the Act is in accord with the public policy of the so-called "sunshine laws", as stated in *Tex.Rev.Civ.Stat.Ann. art. 6252–17a, § 1 (Supp.1978)*. The public (and under our interpretation, the plaintiff) was entitled to be present and to observe the *joint* deliberations "pertaining to collective bargaining." Under *Section 9(c)*, the mediator "may hold separate or joint conferences" between the parties in an effort to reach an amicable settlement of the issues in dispute.

We reconcile the two sections of the Act by holding that the public is entitled to be present and observe the *joint* conferences held under *Section 9(c)* but has no right to see or observe the proceedings in the separate conferences with the mediator. We must assume that the mediator will comply with the law as set out in *Section 9(c)* and will make no public recommendations or announcements at the *joint* sessions at which the public is privileged to be present.

Therefore, we hold that the public (which includes the plaintiff) has a right to attend any and all deliberations pertaining to collective bargaining when the conditions set out in *Section 7(e)* exist; *and*, we hold that the public (including the plaintiff) has a right to attend any joint meetings which are held by the parties under the authorization of *Section 9(c)*. But, we also hold that the public (which includes plaintiff) has no right to attend the separate meetings authorized under *Section 9(c)*.

Defendants argue, with persuasiveness to anyone who has engaged in collective bargaining negotiations, that the presence of newspaper reporters and television cameras in such meetings would not be conducive to a successful conclusion of the negotiations. Even if we assume the accuracy of the opinion so expressed, we do not reach the result sought by the defendants—the exclusion of the public and the reporters. We are confronted with an unambiguous statute whose import is plain.

In making this argument, defendants misconceive the duty of the courts in construing and applying legislative enactments. As said in *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66, 70 (1920): "Courts must take statutes as they find them. More than that, they should be willing to take them as they find them." See *Rudman v. Railroad Commission of Texas*, 162 Tex. 579, 349 S.W.2d 717, 721 (1961). Our Supreme Court spelled out a limitation upon the authority of courts, saying, "The wisdom or expediency of the law is the Legislature's prerogative, not ours." *Smith v. Davis*, 426 S.W.2d 827, 831 (Tex.1968).

The legislature has determined that the public's right to know what is going on in the negotiation sessions between its representatives and those representing its firefighters is entitled to statutory protection. It may very well be that such statutorily protected right may inhibit or prevent successful negotiations. But, the balancing of the rights of the public and those of the negotiators must be left to the legislature. *Industrial Foundation, etc. v. Texas Industrial Accident Board*, 540 S.W.2d 668, 676 (Tex.1976).

At least one authority supports defendants' contentions that the "sunshine law" provisions of *Section 7(e)* of the Employee Relations Act are inimical to the success of labor negotiations authorized by the Act. See C. Morris, "Public Employee Bargaining in Texas", *13 Houston L.Rev. 291, 297 (1976)*:

> "There is a widespread belief that public negotiating sessions with the attendant press coverage inhibit the free exchange of views and tend to freeze the parties' positions."

Believing his major premise, Professor Morris suggested that "[t]he next legislature would be well-advised to eliminate § 7(e)." *Id.* A sufficient rejoinder is that the legislature met and adjourned without such a

repeal and the sun still shines upon negotiations conducted under the Employee Relations Act.

If the statutory rule governing public access to such meetings is unwise, unworkable, or impractical, the solution is a legislative change. Actual or supposed deficiencies in statutory enactments will not justify a court's excursion beyond its proper sphere to plug a hole or cure a supposed defect in the legislative scheme of things. *State v. Reyna*, 160 Tex. 404, 333 S.W.2d 832, 838 (1960). If a change in the law still is needed, the legislature meets within a few months and it is empowered to grant such relief.

From our review of the law and the facts as well as the memoranda and argument of counsel, we are of the opinion that the trial court was in error in his application of the law to the undisputed facts and that we must reverse the judgment denying the temporary injunction. In so doing, we are cognizant of the generally accepted rule that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and that the court's action will not be disturbed on appeal unless it clearly appears from the record that there has been an abuse of discretion. See generally *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962), and its progeny, one of which is *Marshall v. Good Times, Inc.*, 537 S.W.2d 536, 538 (Tex. Civ.App.—Fort Worth 1976, writ dism'd).

A necessary corollary to the rule just mentioned is epitomized by this short quotation from *Southland Life Ins. Co. v. Egan*, 126 Tex. 160, 86 S.W.2d 722, 723 (1935), that "the trial court abuses its discretion when it fails or refuses to apply the law to conceded or undisputed facts." See also *Camp v. Shannon*, 162 Tex. 515, 348 S.W.2d 517, 519 (1961); *6 L. Lowe Texas Practice, Remedies § 153, at 190 (2d Ed. 1973)*, and cases therein cited. In *State v. Southwestern Bell Telephone Co.*, 526 S.W.2d 526, 528 (Tex. 1975), the Court cited and followed both *Egan* and *Camp*.

█ Under our uncontradicted record, the plaintiff has shown an abuse of discretion on the part of the trial court in the denial of the temporary injunction. Plaintiff had a statutory right to have its reporter present at the negotiating session and the trial court failed to apply the applicable law to such undisputed facts. *Southland Life Ins. Co. v. Egan*, supra.

Having reviewed all contentions of the respective parties—although we may not have commented upon each contention separately—we are of the opinion, and so hold, that the trial court abused its discretion when it denied the temporary restraining order sought by the plaintiff. Therefore, for the reasons indicated herein, the judgment denying the temporary injunction is reversed and the cause is remanded with instructions that the trial court grant the relief sought by plaintiff.

Disposition of this appeal will follow the pattern set by *Guerra v. McClellan*, 243 S.W.2d 715, 720 (Tex.Civ.App.—San Antonio 1951, Mand.overr.). As the previous discussion indicates, the plaintiff, under settled law and undisputed facts, was entitled to a temporary injunction as a matter of right at the time the case was heard in the District Court. The judgment of the trial court is reversed and the case remanded to it with instructions that the temporary injunction prayed for be granted. In accordance with the procedure outlined in *Guerra v. McClellan*, supra, and *Tex.R.Civ.P. 434*, a temporary restraining order, as prayed, is granted by this Court. The relief granted shall be effective until the mandate of this Court is received by the court below and the relief there granted in accordance with the instruction herein. The relief granted herein is a writ temporarily enjoining the defendants (appellees herein), individually and collectively, and all persons acting in concert or participation with them, from preventing or attempting to prevent, evicting or attempting to evict, Geoffrey Clark or any other reporter or representative of plaintiff (appellant herein) or other news media, or members of the public, from attending any meeting of the defendants wherein deliberations are to be conducted pertaining to collective bargaining between

them as defined in *Section 7(e)* of the Act, *or* any joint meetings held by the parties under the authorization of *Section 9(c)*. The writ shall not authorize plaintiff to attend any separate meetings held under the authorization of *Section 9(c)*.

The writ here granted will issue upon plaintiff's filing a bond with the Clerk of this Court in the sum of $5,000 that complies with the provisions of the law and the rules of civil procedure.[11]

The judgment is reversed, the cause is remanded with instructions, and a temporary injunction is granted.

---

11.  The language contained in this paragraph is a paraphrase of that used by Justice Chadick in *Barron v. Phillips*, supra (544 S.W.2d at 755).