(34 Misc. Rep. 538.)

### KABUS v. SEFTNER et al.

(Supreme Court, Appellate Term. April 19, 1901.)

CONTRACTS—INDIVISIBLE—PROPORTIONATE RECOVERY—ERROR.

　　In an action by a student to recover tuition fees for a failure to give plaintiff the necessary instruction to enable him to pass the examination given by the state board of regents, it was error to allow a proportionate recovery for the instruction which plaintiff did not receive by his being suspended for improper conduct, since the contract was entire and indivisible; the plaintiff being either entitled to a total recovery or a forfeiture.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Robert Kabus, Jr., against Herman P. Seftner and others. From a judgment in favor of the plaintiff, defendants appeal. Reversed.

Argued before BISCHOFF, P. J., and CLARKE and LEVENTRITT, JJ.

Percival S. Menken, for appellants.

Edward Miehling, for respondent.

LEVENTRITT, J. The plaintiff sues to recover $200 paid by him as a tuition fee to the defendants, who conduct a school for the purpose, among others, of qualifying students to pass the examination of the board of regents of this state. The complaint alleges that, in consideration of the payment of $200, the defendants agreed to give the plaintiff private instruction until he should receive the 48 academic counts necessary to pass the regents' examination; that the defendants entered upon the performance of the contract, but failed to continue their instruction, with the result that the plaintiff failed to receive the stipulated number of counts. The material part of the answer is a separate defense, that the plaintiff was suspended from the school for improper and insubordinate conduct, until such time as suitable apology should have been made.

The evidence shows much variance from the pleadings, but the essential nature of the dispute appears with sufficient clearness. While the plaintiff claims that the breach of the defendants was the latter's failure to give him daily an hour's instruction, he admits that the stated reason of his suspension was the alleged use of improper language. The defendants claim that the plaintiff repeatedly charged one of the instructors with lying, and that he was suspended as a consequence. When the plaintiff left the school he had obtained 26 of the 48 counts. The justice, declaring in his opinion that the plaintiff was guilty of the use of improper language,

nevertheless apportioned the recovery, allowing the defendants proportionately for the earned counts. This was error. The plaintiff should have received all or nothing, for the contract was entire and indivisible. The defendants agreed to qualify the plaintiff for a particular examination. If they failed to do that, they were entitled to no compensation. On the other hand, if the acts of the plaintiff prevented them from living up to their contract he forfeited the entire amount paid for his tuition. Under the contract in evidence, there could not be part performance, and a partial recovery, on some theory of a quantum meruit.

The plaintiff, by entering the defendants' school, subjected himself to their reasonable rules of discipline. The power is vested in the faculties of all schools and colleges to suppress and punish unbecoming conduct. People v. New York Law School, 68 Hun, 118, 22 N. Y. Supp. 663; People v. School Officers, 18 Abb. Prac. 165; Starr v. Liftchild, 40 Barb. 541; 21 Am. & Eng. Enc. Law, 771. If the charge against the plaintiff was true, his actions were certainly subversive of discipline; and beyond this no instructor could or should be compelled to continue his duties after such insult, until suitable apology offered. The question before the justice was simply one of fact whether or not the defendants' refusal was caused by the misconduct charged against the plaintiff. If yes, they were entitled to judgment; if not, the plaintiff should have succeeded. In no event could there have been partial success for each. The judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to appellants to abide event. All concur.