(78 Misc. Rep. 48.)

## JANSEN v. SCHNEIDER.

(Supreme Court, Appellate Term, Second Department. October 11, 1912.)

1. CONTRACTS (§ 322*)—AVIATORS—BREACH OF CONTRACT—EVIDENCE.

　　In an action for the return of money paid on a contract to teach plaintiff to aviate, evidence *held* to warrant a finding that defendant had broken his contract.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1768; Dec. Dig. § 322.*]

2. CONTRACTS (§ 261*)—ENTIRE CONTRACTS—BREACH.

　　An agreement to instruct plaintiff to aviate, for which defendant was to be paid $250, was an indivisible contract, and on defendant's failure to complete the instructions as to the construction of the machine as a necessary preliminary, plaintiff was entitled to rescind.

　　[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1174–1180; Dec. Dig. § 261.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Paul Jansen against Fred P. Schneider. Judgment for plaintiff for an insufficient amount, and both parties appeal. Reversed on plaintiff's appeal, and new trial granted.

Argued October term, 1912, before CRANE, ASPINALL, and PUTNAM, JJ.

Leonard McGee, of New York City, for plaintiff.
Charles P. Hallock, of New York City, for defendant.

PER CURIAM. Plaintiff on June 4th made an agreement with defendant for instruction in aviation, for which defendant was to be

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

paid $250 for teaching plaintiff to fly. Plaintiff paid this $150 in advance, the remaining $100 to be payable after the plaintiff had received the lessons and was able to fly.

Plaintiff was first sent to the shop to see the construction of the machine and learn how to assemble the parts, where he worked from June 7th to June 15th. On June 15th plaintiff was told there was no work for him there, and plaintiff went home to wait for lessons in the field. After that plaintiff went to defendant's place at Belmont Park and saw defendant's mechanic, but got no instruction. Plaintiff reported daily until June 30th, without receiving any lesson. The machine was then taken apart, to be moved to Nassau Boulevard, where plaintiff went early in July. But no opportunity was given him to use the machine, which was not even put together. After making demands, the Legal Aid Society was appealed to, who wrote the defendant on plaintiff's behalf. On August 4th the defendant replied:

"If Mr. Jansen will call at my school at Nassau Boulevard, he will receive his lessons at once."

Plaintiff, however, did call, but received only one practical lesson in the biplane on August 16th, when in about a minute a screw dropped out, so that the machine had to be stopped. Other demands were repeated and disregarded, until on August 23d plaintiff notified the defendant that, as he was not getting instruction, he would not come again, followed by this suit for the return of his payment of $150.

The trial court gave the plaintiff judgment for $75 and costs, from which both sides have appealed.

[1, 2] The evidence indicates such indifference and neglect by defendant (especially after his written promise on August 4th that plaintiff should receive his lessons "at once"), that the court was justified in finding that defendant had broken his contract. The work in the shop was a preliminary; but the defendant's contract was entire, and cannot be separated and apportioned. Starr v. Liftchild, 40 Barb. 541; Kabus v. Seftner, 34 Misc. Rep. 538, 69 N. Y. Supp. 983.

The judgment is reversed, and a new trial granted; costs to abide the event.