(Supreme Court, Special Term, Erie County. April 28, 1914.)

MASTER AND SERVANT (§ 73*)—CONTRACT OF EMPLOYMENT—CONSTRUCTION—
"LEAVE."

An application for the employment of a street car conductor provided that, in the event of his leaving the services for any reason whatever within six months, the money paid him for work under instruction while on trial should be deducted from such moneys as should be due from the company on the date of his "leaving." *Held,* that the word "leaving" meant to quit or depart, implying volition on the part of the person leaving, and limited the forfeiture of the instruction wages to a case where plaintiff left defendant's employ of his own volition, nor was such instruction affected by the words, "for any reason whatsoever."

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 90–102; Dec. Dig. § 73.*

For other definitions, see Words and Phrases, vol. 5, pp. 4050–4053; vol. 8, p. 7703.]

Appeal from City Court of Buffalo.

Action by William A. Muesling against the International Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Harold S. Brown, of New York City, for appellant.

Charles M. Gaffney, of Buffalo, for respondent.

WHEELER, J. The plaintiff entered the employ of the defendant as a street car conductor. On doing so he filed with the defendant a written application for the place, in which he agreed to work under instruction for at least 10 days at $1 per day. He further agreed as follows:.

"In the event of my leaving the service of the company for any reason whatsoever within six months of the date of this application, such money as is paid me for work under instruction while on trial shall be deducted from such moneys as are due me from the company on the date of my leaving, and I hereby waive claim for the instruction money in that event."

Some four months after entering the defendant's employ, the plaintiff was discharged by the company for failure to ring up on the Dayton register fares deposited in the box. It involved no misappropriation of moneys on the plaintiff's part, but was simply a neglect to make the register tally with the money put in the box by passengers. Upon the plaintiff's discharge from the service of the company, it retained the $10 paid plaintiff while under instruction. The plaintiff sued to recover the amount thus deducted from the moneys due him, and the court below rendered judgment in his favor.

The sole question involved is the proper construction of the clause of the contract providing that, "In the event of my leaving the service of the company," etc., instruction money may be deducted. The plaintiff contends that the clause contemplated a *voluntary* leaving by the plaintiff, and none other; while the defendant contends it covers a case of dismissal. We are of the opinion the plaintiff's contention is correct, and that this construction is supported by good and sufficient rea-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sons. Were the other view to prevail, then the company had the right to discharge the plaintiff without cause one day before the six months expired, and retain the $10. The employé would be at the mercy of the company. It can hardly be argued that such was in the contemplation of the parties. It seems to us that it was the purpose of the agreement to insure the employé remaining in the service of the company for a stated time by providing a forfeiture of the $10 in case he voluntarily left the company's service. The right to retain the instruction money is rather of the nature of a penalty for leaving. If it is to be so held, inasmuch as penalties and forfeitures are not regarded with favor, then that interpretation is to be placed on the contract most favorable to the plaintiff; and this leads to the construction that the word "leaving" means the voluntary act of the plaintiff, and not his dismissal by the defendant.

Some, at least, of the primary meanings of the word "leave" is to quit or depart, implying volition on the part of the person leaving or departing. The added words, "for any reason whatsoever," do not, in our opinion, materially alter or enlarge the primary meaning of the word used. Had it been the intention of the parties to have included cases of dismissal, it would have been very easy to have expressed that purpose by adding the words, "or being dismissed," which was not done.

We think the view taken by the court below correct, and the judgment should be affirmed, with costs of the appeal.

So ordered.