The CITY OF GALVESTON, Appellant,

v.

Leroy C. "Buster" LANDRUM et al., Appellees.

No. 16615.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Jan. 22, 1976.

Rehearing Denied Feb. 19, 1976.

Robert V. Shattuck, Jr., City Atty., Galveston, for appellant.

Richard Thornton, Galveston, for appellees.

COLEMAN, Chief Justice.

This is an appeal from a declaratory judgment involving the interpretation and application of V.A.C.S. Art. 1269m, Sec. 26 that provides for payment of accumulated sick leave to policemen and firemen who leave the classified service of a city subject to said law. The facts were stipulated. After interpreting the statute in question, the trial court awarded judgment to the plaintiffs, policemen, requiring the City to pay to them the entire amount due for all accumulated sick leave.

Both plaintiffs were employed by the Galveston Police Department and were retired on their 65th birthdays as required by the charter and ordinances of said City. Appellee Landrum had accumulated 252 days of sick leave. Appellee Devries had accumulated 113.75 days of sick leave. On the date they were required to retire, both men were physically able to perform their duties in the Police Department.

At the time of their retirement, V.A.C.S. Art. 1269m, Sec. 26, provided:

"Sec. 26. Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one and one-fourth (1¼) full working days allowed for each full month employed in a calendar year, so as to total fifteen (15) working days to an employee's credit each twelve (12) months.

"Employees shall be allowed to accumulate fifteen (15) working days of sick leave with pay in one (1) calendar year.

"Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness . . .

"In the event that a Fireman or Policeman for any reason leaves the classified service, he shall receive, in a lump sum payment, the full amount of his salary for the period of his accumulated sick leave, provided that such payment shall not be based upon more than ninety (90) working days of accumulated sick leave.

Provided, that in order to facilitate the settlement of the accounts of deceased employees of the Fire or Police Departments, all unpaid compensation due such employee at the time of his death shall be paid to the person or persons surviving at the date of death . . . ."

The policemen took the position that the statutory limitation of 90 days' payment of accumulated sick leave was intended to be applicable only to those who voluntarily terminated their employment with the Police Department. They alleged that they were involuntarily terminated and were entitled to be paid for the total number of sick leave days they had accumulated. The City tendered only payment for 90 days accumulated sick leave.

The trial court's judgment provided:

"It is, therefore ORDERED, ADJUDGED AND DECREED, and the Court so declares, that Article 1269(m), Section 26, Revised Civil Statutes of the State of Texas, as amended, shall be, and it hereby is, declared to mean that the words 'leave for any reason' means voluntary leaving, without compulsion, to abandon, to forsake, or desert, and does not mean, and shall not mean, leaving for involuntary, compulsory or mandatory reasons such as mandatory age retirement of 65 years;

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the limitations of 90 days total accrued sick leave as set forth in the aforedescribed Article 1269(m), Section 26, shall not, and do not, apply to anyone who is forced into involuntary retirement by reasons of age; . . . "

In accordance with this interpretation of the statute judgment was rendered in favor of the plaintiffs and against the City for the total number of sick leave days the plaintiffs had accumulated.

The interpretation decreed by the court was made in reliance upon the case of *Fort Worth v. Bostick*, 479 S.W.2d 350 (Tex.Civ. App.—Fort Worth, 1972, writ ref'd n. r. e.).

In *Bostick*, a 64-year old fireman was involuntarily retired because he was permanently and totally disabled as a result of illness. At the time of his retirement, he had accumulated 205 days of sick leave, but the City of Fort Worth paid him for only 90 of those days. The basic issue considered by the court was whether the provisions of Art. 1269m, Sec. 26, permitting unlimited use of accumulated sick leave with pay where an employee is unable to work because of a bona fide illness conflicted with the provision of the Act limiting payment upon leaving employment to 90 days. The court held that statutory provisions should be construed in such a way as to reconcile conflicting provisions if possible. The court cited substantial authority from other jurisdictions in support of its conclusion that the word "leave", as used in the statute, refers to a "voluntary termination" or a "voluntary quitting" of the employment. The court then held that the 90-day limit does not apply to those who, at the time of leaving employment, are sick and disabled and desire to use all of their accumulated sick leave before retirement.

The court also held that the provision in the statute stating: "Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness . . ." gave the fireman the right to use such sick leave during times that the fireman is unable to work because of any bona fide illness. The court found a potential conflict between this provision of the law and the subsequent provision limiting the payment to a fireman who for any reason leaves a classified service to a total of 90 working days of accumulated sick leave, if such fireman could be involuntarily retired while ill and unable to work. The court then held:

> "The first paragraph quoted above of Section 26, Art. 1269m, gave Bostick, under the facts of this case, the right, since he was sick, to use all of his accumulated sick leave, as he wished to do before being retired . . . ."

The court further held that a city ordinance which might be construed to give the city the right to retire a fireman who was totally and permanently disabled from fulfilling his duties invalid insofar as it conflicted with the provision of Art. 1269m giving the fireman the right to use all of his accumulated sick leave with pay without limit while unable to work because of a bona fide illness. We think this latter holding is sufficient to sustain the judgment of the Court of Civil Appeals.

The primary rule of construction of statutes is to ascertain and declare the intention of the legislature and to carry such intention into effect to the fullest degree. 73 Am.Jur.2d, Statutes, Sec. 145, p. 351. The same text declares that the proper course in all cases is to adopt that sense of the words which promotes in the fullest manner the policy of the legislature in the enactment of the law and to avoid a construction which would alter or defeat that policy. Ibid. Sec. 153, p. 356.

All parts of a legislative act should be given effect and reconciled if it is reasonably possible to do so. *Martin v. Sheppard*, 129 Tex. 110, 102 S.W.2d 1036 (1937).

Section 53 of Article 3 of the Constitution of the State of Texas provides that the legislature shall have no power to grant, or to authorize any municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered, or a contract has been entered into and performed in whole or in part. Unless Article 1269m, Sec. 26, be construed to authorize payment to one who has been terminated from his position in the classified service involuntarily, as by enforced retirement by reason of age, death, or dismissal for cause, there is no provision in the statute under consideration for payment of any sum to such person. We would not think that the legislature intended to allow payment of accumulated sick leave to persons voluntarily leaving the classified service but

not to those who are required to leave for such reasons. Clearly, the words "for any reason leaves the classified service" may be construed to mean "leaves the classified service, whether voluntarily or involuntarily." This construction effectuates the intent of the legislature and is the proper construction of the statute.

If we adopt the reasoning of the court in *Bostick* that a city cannot terminate an employee who is sick and desires to use accumulated sick leave until it is fully used, there is no conflict within the statute and a fair and reasonable result is reached. The provisions of Article 1269m must be considered as a part of the contracts of employment between the city and its firemen. The payment of accumulated sick leave after retirement is not, therefore, the payment of extra compensation after service has been rendered. *City of Orange v. Chance*, 325 S.W.2d 838 (Tex.Civ.App.—Beaumont, 1959, no writ history).

The plaintiffs have stipulated that they have received payment for 90 days accumulated sick leave. The judgment of the trial court is reversed and judgment is here rendered that plaintiffs take nothing by their suit.