The CITY OF DENISON, Appellant,

v.

R.H. ODLE and Bernice P. Odle, Appellees.

No. 05–90–00852–CV.

Court of Appeals of Texas, Dallas.

March 15, 1991.

Rehearing Denied April 29, 1991.

Thomas C. Akins, Denison, for appellant.

Roger D. Sanders, W. Anthony O'Hanlon, Sherman, for appellees.

Before McCLUNG,[1] THOMAS and OVARD, JJ.

1. The Honorable Pat McClung, Justice, participated in this cause at the time it was submitted to the panel for decision. Due to Justice McClung's retirement on January 31, 1991, he did not participate in the issuance of this opinion.

## OPINION

THOMAS, Justice.

The City of Denison appeals a summary judgment granted in favor of Captain R.H. Odle and his wife, Bernice P. Odle. In a single point of error, Denison contends that the summary judgment was erroneous because the trial court misinterpreted the statute which determined the amount of compensation Captain Odle was entitled to receive for accumulated sick leave upon his departure from the fire department. We agree. Accordingly, the trial court's judgment is reversed and the cause is remanded.

## FACTUAL BACKGROUND

This matter was submitted to the trial court upon stipulated facts. The facts relevant to this appeal are:

1. Until July 31, 1987, Captain Odle was employed as a fireman in the Denison Fire Department.

2. In August 1985, Captain Odle sustained a back injury while in the line of duty.

3. Captain Odle was placed on injury leave from the date of the injury through July 31, 1987, and he received full compensation during this period.

4. As a result of the back injury, Captain Odle is permanently disabled.

5. Effective July 31, 1987, over his objection, Captain Odle was involuntarily retired from the fire department.

6. Captain Odle had accumulated 473 days of unused sick leave at the time of his involuntary retirement.

Denison tendered a check for ninety days' worth of sick leave although Captain Odle maintained he should have been allowed to use all of the sick leave before he was involuntarily retired. Captain Odle accepted the tendered check on the condition that his acceptance would not prejudice his claim to the rest of the accumulated sick leave. The Odles then brought suit demanding compensation for all accumulated sick leave. The trial court granted summary judgment in favor of the Odles and awarded them compensation for all accumulated sick leave, interest thereon, and their attorney's fees.

## STANDARD OF REVIEW

■ The function of a summary judgment is not to deprive a litigant of his right to a full hearing on the merits of any real issue of fact, but to eliminate patently unmeritorious claims and untenable defenses. *Gulbenkian v. Penn*, 151 Tex. 412, 416, 252 S.W.2d 929, 931 (1952). The standards for reviewing a motion for summary judgment are:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Wilcox v. St. Mary's Univ.*, 531 S.W.2d 589, 592–93 (Tex.1975). The purpose of the summary judgment rule is not to provide either a trial by deposition or a trial by affidavit, but rather to provide a method of summarily terminating a case when it clearly appears that only a question of law is involved and that no genuine issue of fact remains. *Gaines v. Hamman*, 163 Tex. 618, 626, 358 S.W.2d 557, 563 (1962).

## RIGHT TO EXHAUST SICK LEAVE BEFORE BEING INVOLUNTARILY RETIRED

■ As the trial court found, Captain Odle's right to compensation for his accumulated sick leave is controlled by article 1269m, section 26, of the Revised Civil Statutes, now repealed, as it existed on July 31,

1987.[2] That statute provides the rate at which sick leave is accumulated and states that it "may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness." Art. 1269m, § 26(a) & (b). If a fireman suffers an injury or illness in the line of duty, then he is placed on injury leave for up to one year, which may be extended at the option of the city. Art. 1269m, § 26(e). While on injury leave, the fireman does not use up any of his sick leave. *See* art. 1269m, § 26(e) (fireman receives full pay while on injury leave). When the fireman is removed from injury leave, he may use his accumulated sick leave before he is placed on temporary leave of absence. Art. 1269m, § 26(f). If the illness or injury the fireman suffered was not sustained in the line of duty, then the fireman may use his accumulated sick leave before being placed on temporary leave. Art. 1269m, § 26(g). If the fireman dies while in active service due to an injury or illness sustained on the job, then his estate or beneficiaries are entitled to payment for all of the fireman's accumulated sick leave. Art. 1269m, § 26(d). But if the fireman "for any reason leaves the classified service," then he is entitled to receive in a lump-sum payment the full amount of his salary for accumulated sick leave but only for *up to* ninety days' worth of sick leave. Art. 1269m, § 26(c).

Captain Odle maintains that he is entitled to payment for all of his sick leave because paragraph (b) of article 1269m, section 26, provides that accumulated sick leave may be used while the fireman is unable to work because of a bona fide illness. He maintains that he does not fall under the ninety-day limit on sick leave payments because, since he was involuntarily retired, he did not "leave" the service. Indeed, he argues, the service left him. In support of this position, he cites *City of Fort Worth v. Bostick*, 479 S.W.2d 350 (Tex.Civ.App.— Fort Worth 1972, writ ref'd n.r.e.). The *Bostick* court held under analogous facts that the term "for any reason leaves the

service" in paragraph (c) requires that the leaving be voluntary. If the serviceman leaves involuntarily, he is entitled to use all of his sick leave before being retired because the statute allows sick leave to be "accumulated without limit" and "used while the employee is unable to work because of any bona fide illness." *See Bostick*, 479 S.W.2d at 354. The *Bostick* decision was closely examined in *City of Galveston v. Landrum*, 533 S.W.2d 394 (Tex. Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.). In *Landrum*, policemen were involuntarily retired when they reached age sixty-five. The city paid them only ninety days worth of sick leave, and the policemen sued to recover the rest of their accumulated sick leave as in *Bostick*. The *Landrum* court held that, since the policemen were not ill when they were retired, they were not entitled to use all their sick pay before being mandatorily retired. *See Landrum*, 533 S.W.2d at 396. "Leave," the *Landrum* court ruled, does not require voluntary action. As the mandatory retirement of the healthy policemen constituted "for any reason leav[ing] the classified service," the policemen involuntarily retired at age sixty-five were entitled only to the lump-sum payment of ninety days' worth of sick leave. "[F]or any reason leaves the classified service" was construed by the *Landrum* court to mean "leaves the classified service, whether voluntarily or involuntarily." *Landrum*, 533 S.W.2d at 397. While the *Landrum* court rejected the *Bostick* interpretation of "leave," the *Landrum* court, in dicta, approved of the holding in *Bostick* that a serviceman injured in the line of duty should be permitted to use all of his sick leave before being mandatorily retired. *Landrum*, 533 S.W.2d at 397.

We disagree with both courts' interpretation of article 1269m, section 26(b) and (c). Paragraph (b) of that section states in full that:

Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because

2. *See* Act of June 17, 1983, 68th Leg., R.S., ch. 420, § 11, 1983 Tex.Gen.Laws 2246, 2270–73, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen.Laws 707, 1307 (current version at Tex.Local Gov't.Code Ann. §§ 143.045, .073, .074 (Vernon 1988)).

of any bona fide illness. In the event that the said employee can conclusively prove that the illness was incurred while in performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted.

Art. 1269m, § 26(b). Under *Bostick* 's and *Landrum* 's interpretation and the interpretation that the Odles ask us to adopt, this paragraph requires a city to allow an injured[3] serviceman to use all his sick leave before being mandatorily retired. If that interpretation is adopted, then under the second sentence of paragraph (b), a serviceman who could conclusively prove that he received a permanently disabling injury while in the performance of his duties would be entitled to stay on sick leave for the rest of his life. Such an interpretation would irreconcilably conflict with section 7 of article 6243e as it existed in July 1987, which provides that a city with less than 500,000 inhabitants may involuntarily retire firemen disabled in the line of duty if the board of trustees of the firemen's pension fund shall deem it proper and for the good of the fire department.[4] If municipalities were required to permit firemen injured in the line of duty to use all their accumulated sick leave before retiring them, then they could not retire them when they deem it "proper and for the good of the department." This conflict was not discussed in either *Bostick* or *Landrum*.

■ In interpreting statutes, we are guided by the rule that courts are to construe statutes so as to harmonize with other relevant law. *La Sara Grain Co. v. First Nat'l Bank*, 673 S.W.2d 558, 565 (Tex.1984); *Valdez v. Texas Children's Hosp.*, 673 S.W.2d 342, 344 (Tex.App.— Houston [1st Dist.] 1984, no writ). Article 1269m, section 26, explains in detail how sick leave is to be used. Paragraph (a) states the formula by which sick leave is accumulated. Paragraph (b) states that sick leave can be accumulated without limit and sets forth generally when sick leave

can be used, *i.e.*, for "any bona fide illness." This general rule is then applied in paragraphs (f) and (g), which require that a *temporarily* disabled serviceman be allowed to use all his sick leave before being placed on temporary leave. Nowhere does the statute say that a *permanently* disabled serviceman must be permitted to use all his sick leave before being retired. To so interpret the statute would create a conflict with article 6243, section 7, permitting mandatory retirement for firemen permanently disabled in the line of duty. To prevent this conflict, we interpret article 1269m, section 26(b), as applying only to temporary disabilities. Captain Odle, who was permanently disabled, was, therefore, not entitled to exhaust all his sick leave before being mandatorily retired. We also adopt the reasoning of the *Landrum* court that the language in article 1269m, section 26(c), "for any reason leaves the classified service," means "leaves the classified service, whether voluntarily or involuntarily." Thus, when Captain Odle was retired by Denison under article 6243e, section 7, he left the classified service. The only provision in article 1269m, section 26, that would permit Captain Odle to recover any of his sick leave is paragraph (c) requiring Denison to pay him in a lump sum for up to ninety days' worth of his accumulated sick leave.

## DISPOSITION

■ We must now address the proper disposition of this appeal. Denison has requested that we reverse and render judgment in its favor. Denison, however, is not entitled to rendition because it did not appeal from the *denial* of its motion for summary judgment; it has appealed only from the *granting* of the Odles' motion for summary judgment. Without a point of error with accompanying argument asserting that the trial court erred in denying Denison's motion for summary judgment,

---

3. Denison argues that "bona fide illness" does not include injuries. The Odles argue that an injury is a "bona fide illness." Because of our disposition of this case, we need not make that determination.

4. *See* Act of May 22, 1957, 55th Leg., R.S., ch. 275, § 5, 1957 Tex.Gen.Laws 617, 622–23, *revised by* Act of May 15, 1989, 71st Leg., R.S., ch. 98, 1989 Tex.Gen.Laws 426.

there is no appeal on this issue properly before this Court. *See* TEX.R.APP.P. 74(d) & (f). Since Denison is not entitled to rendition in its favor, the proper disposition is reversal of the judgment below and remand of this cause for further proceedings. *See Benser v. Independence Bank,* 735 S.W.2d 566, 570 (Tex.App.—Dallas 1987), *aff'd sub nom. Allee v. Benser,* 779 S.W.2d 61 (Tex.1988).

Accordingly, we reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.