R.H. ODLE and Bernice
P. Odle, Petitioners,

v.

The CITY OF DENISON,
Texas, Respondent.

No. D–1067.

Supreme Court of Texas.

April 22, 1992.

Rehearing Overruled Sept. 9, 1992.

Roger D. Sanders, W. Anthony O'Hanlon, Sherman, for petitioners.

Thomas C. Adkins, Denison, for respondent.

ON APPLICATION FOR
WRIT OF ERROR

OPINION

COOK, Justice.

This case presents the question whether, under article 1269m section 26 of the Revised Civil Statutes, a fire fighter who was involuntarily retired is entitled to be paid for all his accumulated sick leave. We hold that he is and, therefore, reverse the judgment of the court of appeals, 808 S.W.2d 153, and affirm the judgment of the trial court.

Captain R.H. Odle was a fire fighter for the City of Denison (the City) for more than thirty years. In August 1985, while working in the line of duty, Odle sustained a back injury that rendered him permanently disabled. The City placed Odle on an injury leave of absence for twenty-three months. During this time he received full compensation.

On July 31, 1987, over his objection, Odle was retired from the fire department. Although Odle had accumulated 473 days of sick leave at a rate of fifteen days per year, the City paid him only ninety days' worth of sick leave. Odle then brought this suit against the City for all accumulated sick leave. On stipulated facts, the trial court granted summary judgment for Odle and awarded him full compensation, interest, and attorney's fees. The court of appeals reversed and remanded the cause to the trial court.

Odle's right to compensation for his accumulated sick leave is controlled by article 1269m section 26, of the Revised Civil Statutes.[1] That statute allows fire fighters to accumulate sick leave at the rate of fifteen days per calendar year. Art. 1269m § 26(a). The statute further provides that sick leave "may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness." Art. 1269m § 26(b). However, if the fire fighter "leaves the classified service," he is entitled to receive only a lump sum payment for up to ninety days' worth of his accumulated sick leave. Art. 1269m § 26(c). Therefore, in order to recover all his accumulated sick leave, Odle must demonstrate that his inability to work was the result of a "bona fide illness" and that he did not "leave" the service of the fire department. For the following reasons, we hold that Odle met this burden.

■ Section 26(b) states that sick leave may be used when a fire fighter is unable to work because of "any bona fide illness." Although this language might appear to prevent the use of sick leave when a fire fighter is suffering from an injury instead of an illness, that result clearly was not intended by the legislature. Section 26(g), which relates to temporary disabilities incurred outside the line of duty, provides that a fire fighter who is disabled either by an illness *or* by an injury may use all his accumulated sick leave before being placed on temporary leave. To be able to use accumulated sick leave, a fire fighter must be suffering from a "bona fide illness." Therefore, that term, as used in article 1269m section 26(b), must include both illnesses *and* injuries. If we held otherwise

"bona fide illness" would include injuries sustained outside the line of duty but would not include injuries incurred in the line of duty. We decline to sanction this disparity.

The "bona fide illness" requirement found in section 26(b) is merely a way to ensure that sick leave is used only when a fire fighter is suffering from a genuine disability. The requirement is intended to prevent the use of sick leave for feigned disabilities. This language does not prevent fire fighters from using sick leave when they are suffering from an injury sustained in the line of duty.

■ The court of appeals held that the language in section 26(c), "leaves the classified service," means "leaves the classified service, whether voluntarily or involuntarily." We disagree. The term "leave" connotes a voluntary departure.[2] Therefore, in *City of Fort Worth v. Bostick*, 479 S.W.2d 350 (Tex.Civ.App.—Fort Worth 1972, writ ref'd n.r.e.), the court correctly determined that, as used in section 26(c), the word "leave" implies "voluntary action or the exercise of volition by the person leaving." *Id.* at 354.

In *City of Galveston v. Landrum*, 533 S.W.2d 394 (Tex.Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), the court rejected this holding of *Bostick*. *Id.* at 396–97. In *Landrum* two police officers contended that they were entitled to payment for all accumulated sick leave when they reached the mandatory retirement age of 65. Therefore, unlike the fire fighter in *Bostick*, the police officers were not suffering from a "bona fide illness." In fact, the *Landrum* court approved of the holding in

---

1. *See* Act of June 17, 1983, 68th Leg., R.S., ch. 420, § 11, 1983 Tex.Gen. Laws 2246, 2270–73, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen. Laws 707, 1307 (current version at TEX. LOCAL GOV'T CODE ANN. §§ 143.045, 143.073, 143.074 (Vernon 1988)).

2. *See King v. American Academy of Dramatic Arts*, 102 Misc.2d 1111, 425 N.Y.S.2d 505, 507 (1980) (finding that "leave" connotes voluntary departure and does not include expulsion); *Turley v. John Hancock Mut. Life Ins. Co.*, 110 Pa.Super. 578, 168 A. 356 (1933) (stating that word "leaving" must be construed in its usual

sense with reference to employment and involves some voluntary act on the part of employee); *Muesling v. International Ry. Co.*, 85 Misc. 309, 147 N.Y.S. 177 (1914) (stating that primary meaning of "leave" is to quit or depart, implying volition on the part of the person leaving or departing). *But see Olliver/Pilcher Ins., Inc. v. Daniels*, 148 Ariz. 534, 715 P.2d 1222, 1224 (1985), *vacated on other grounds*, 148 Ariz. 530, 715 P.2d 1218 (1986) (rejecting argument that language "leave our employment" in covenant not to compete refers only to employees who voluntarily leave).

Bostick that "a city cannot terminate an employee who is sick and desires to use accumulated sick leave until it is fully used...." *Id.* We disapprove of the portion of *Landrum* that holds that the term "leaves the classified service" means "leaves the classified service, whether voluntarily or involuntarily." *Id.* Because Odle was involuntarily retired, he did not "leave" the fire department and is not limited to payment for only 90 days' worth of his accumulated sick leave.

In determining that Odle was not entitled to be paid for all his sick leave, the court of appeals focused on section 26(b). That section provides:

> Sick leave with pay may accumulate without limit and may be used while an employee is unable to work because of any bona fide illness. In the event that the said employee can conclusively prove that the illness was incurred while in performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted.

Art. 1669m, § 26(b). The court of appeals determined that if it permitted a permanently disabled fire fighter like Odle to use all his accumulated sick leave, the second sentence of section 26(b) would allow a fire fighter disabled in the line of duty to stay on sick leave for the rest of his life. The court stated that this result would create an irreconcilable conflict with article 6243e section 7, of the Revised Civil Statutes [3] which permits the involuntary retirement of disabled fire fighters. Therefore, the court of appeals held that section 26(b) applied only to temporary disabilities. The conflict perceived by the court of appeals, however, does not exist.

The second sentence of section 26(b) does not mean that fire fighters injured in the line of duty would be entitled to sick leave for life. That sentence entitles fire fighters with a line of duty disability to an extension of "sick leave." "Sick leave" is leave which is earned at the rate of 15 days per calendar year. Art. 1268m § 26(a). It

is earned leave which is specifically tied to the length of service. Where a fire fighter is to be credited with unearned leave because of a line of duty disability, the term "leave of absence" is used Art. 1268m § 26(e).

■ The second sentence of section 26(b) does not provide that a fire fighter with a line of duty disability shall be granted an extended leave of absence after their sick leave is exhausted. Instead, the second sentence states that the fire fighter is to receive an extension of sick leave. In this context, the words "extension of sick leave" mean an *advance* of sick leave. Therefore, a fire fighter with a line of duty disability is entitled to an advance of sick leave. The sick leave which is advanced must be earned after the fire fighter returns to duty. Therefore, a permanently disabled fire fighter would not be entitled to an advance of sick leave because he would be unable to later earn the sick leave advanced to him. As a result, section 26(b) does not conflict with article 6243e. We reject the court of appeals' holding that section 26(b) only applies to temporary disabilities. We are not presented with, nor do we address the question of what amount of sick leave must be extended to a fire fighter who is not permanently disabled.

We hold that Odle is entitled to compensation for what he earned—473 days of accumulated sick leave. Therefore, we reverse the judgment of the court of appeals and affirm the judgment of the trial court.

Dissenting Opinion by Chief Justice PHILLIPS joined by Justices GONZALEZ, HECHT, and CORNYN.

Dissenting Opinion by Justice HECHT.

PHILLIPS, Justice, dissenting.

The Court makes three basic errors in construing the statute governing this cause, former article 1269m, section 26, Tex.Rev.Civ.Stat.Ann.[1] These errors are:

---

3. *See* Act of May 22, 1957, 55th Leg., R.S., ch. 275, § 5, 1957 Tex.Gen.Laws 617, 622–23, *amended by* Act of May 15, 1989, 71st Leg., R.S., ch. 98, 1989 Tex.Gen.Laws 426.

1. *See* Act of June 17, 1983, 68th Leg., R.S., ch. 420, § 11, 1983 Tex.Gen.Laws 2246, 2270–73, *repealed by* Act of May 21, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen.Laws 707, 1307

(i) failing to recognize that the statute treats illnesses differently from injuries; (ii) improperly analyzing article 1269m's treatment of leaves for injuries incurred in the line of duty; and (iii) erroneously limiting the phrase "for any reason leaves the classified service" to voluntary departures. These errors lead the Court to an improper reversal of the court of appeals' judgment. Therefore, I respectfully dissent.

Former article 1269m, section 26 set forth the legislature's design for sick and injury leaves of absence for police officers and fire fighters. Paragraphs (a) and (b) governed the accumulation of sick leave, allowing it to accrue at a rate of fifteen days per year. Tex.Rev.Stat.Ann. art. 1269m, § 26(a) (repealed 1987).[2] Such sick leave could be built up "without limit" and used while an employee was "unable to work because of any bona fide illness." *Id.* § 26(b). In the event that the employee could "conclusively prove that the illness was incurred while in performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted." *Id.*

The statute also provided a general rule for compensation for an employee who "for any reason leaves the classified service": the employee received a lump sum payment for up to ninety days accumulated sick leave. *Id.* § 26(c).[3] The statute then set out four exceptions to this general rule.

The first exception was for a police officer or fire fighter killed in the line of duty.[4] The city had to pay the survivors the total value of the accumulated sick leave. *Id.* § 26(d).

The second exception was for a pensioned police officer or fire fighter temporarily disabled in the line of duty.[5] The city had to provide such an individual a leave of absence at full pay for at least one year if the disability lasted that long. *Id.* § 26(e). The leave of absence could be extended beyond one year (at "full or reduced pay"), as it was in Captain Odle's case. *Id.* No matter how long the leave was extended, it did not deplete the employee's accumulated sick leave. *See, e.g., City of Houston v. Caldwell,* 582 S.W.2d 494 (Tex.Civ.App.—Beaumont 1979, no writ).

(current version at Tex. Local Gov't Code Ann. §§ 143.045, 143.073, 143.074).

**2.** These paragraphs provided:
(a) Permanent and temporary employees in the classified service shall be allowed a total of sick leave with full pay computed upon a basis of one and one-fourth (1¼) full working days for each full month employed in a calendar year, so as to total fifteen (15) working days to an employee's credit each twelve (12) months. Employees shall be allowed to accumulate fifteen (15) working days of sick leave with pay in one (1) calendar year.
(b) Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness. In the event that the said employee can conclusively prove that the illness was incurred in the performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted.

**3.** Article 1269m, section 26(c), stated in pertinent part that:
In the event that a Fireman or Policeman for any reason leaves the classified service, he shall receive, in a lump sum payment, the full amount of his salary for the period of his accumulated sick leave, provided that if the Fireman or Policeman has more than ninety (90) working days of accumulated sick leave,

the employer may limit the payment to that sum equal to the sum that the employee would have been paid had he been allowed to use the ninety days of accumulated sick leave during the last six (6) months of employment.

**4.** Article 1269m, § 26(d) provided, in part: "If an active Fireman or Policeman dies as a result of a line of duty injury or line of duty illness, the entire amount of his accumulated leave shall be paid [to his survivors] as provided in this section."

**5.** Article 1269m, § 26(e) provided that a city
coming under the provisions of this Act shall provide injury leaves of absence and line of duty leaves of absence for Firemen ... with full pay for periods of time commensurate with the nature of the line of duty illness or injuries for at least one (1) year. At the expiration of said one-year period, the City Council or governing body may extend such line of duty illness or injury leave, at full or reduced pay, provided that in cities that have a Firemen's or Policemen's Pension Fund, that if said injured employee's salary should be reduced below sixty percent (60%) of his regular monthly salary, said employee shall have the option of being retired on pension until able to return to duty.

If the employee was still disabled at the end of the leave of absence period, or if the city extended the leave of absence at less than 60% of full pay, the employee could, at his option, be retired on pension until able to return to duty. Tex.Rev.Civ.Stat.Ann. art. 1269m, § 26(e) (repealed 1987). When able to return to active service, he was entitled to reinstatement. *Id.* § 26(h).[6] No provision was made in this situation for the police officer or fire fighter to draw on accumulated sick leave.

The third exception existed for the police officer or fire fighter without a pension plan.[7] If temporarily disabled by illness or injury in the line of duty, the employee was entitled to use any accumulated sick leave time after the leave of absence expired. *Id.* § 26(f). When the sick leave was exhausted, the employee was placed on temporary disability leave, receiving no compensation from the city. Again, however, the employee was entitled to reinstatement when able to return to active service. *Id.* § 26(h).

The final exception dealt with a temporary disability not incurred in the line of duty.[8] In that situation the employee, whether under a pension plan or not, could use all accumulated sick leave time before going on temporary disability leave. *Id.* § 26(g). As under the previous scenarios, the employee was entitled to reinstatement when able to return to active service.

The Court concludes that Captain Odle, having been injured in the line of duty, is covered by section 26(b), thus entitling him to his entire accumulated sick leave of four hundred seventy-three days.[9] In so holding, the Court fails to account for the distinction between "illness" (the subject of § 26(b)) and "injury" (dealt with in other paragraphs). In common understanding, "illness" and "injury" are not identical; they connote quite different conditions. "Illness" is a "functional disorder," William H.L. Dornette, *Steadman's Medical Dictionary* 692 (5th ed. 1982), while "injury" is "the damage or wound of trauma." *Id.* at 725. If the statute were silent as to injury, it might be a permissible judicial construction to read "illness" expansively to include injury. Other sections of the statute, however, explicitly recognize and provide for injuries as well as illnesses. *See* Tex.Rev.Civ.Stat.Ann. art. 1269m, § 26(e)-(g) (repealed 1987). Thus, the Court errs in concluding that the legislature used these terms interchangeably.

The Court commits its second error by, in effect, placing Captain Odle within the exception set forth in § 26(f). It allows Odle, who was covered by a pension plan and who suffered an injury in the line of duty, to use all of his accumulated sick leave. This is the same remedy that the legislature provided for those situations where a police officer or fire fighter without a pension plan suffered an injury in the line of duty. In those cases the employee was allowed to use all accumulated sick leave time, and under the provision of § 26(b),

---

**6.** Section 26(h) stated, in pertinent part: "After recovery from a temporary disability, a Fireman ... shall be reinstated at the same rank and with the same seniority the person had before going on temporary leave."

**7.** Section 26(f) stated:

If there are no pension benefits available to an employee who is temporarily disabled by a line of duty injury or illness and the year at full pay and any extensions which may have been granted by the employer have expired, the employee may use accumulated sick leave, vacation time, and other accrued benefits before being temporarily placed on leave.

**8.** Article 1269m, § 26(g) provided that:

If an employee is temporarily disabled by an injury or illness not related to the employee's line of duty, the employee may use all sick leave, vacation time, and any other time the employee may have accumulated before being placed on temporary leave.

**9.** The Court states that the extension provision in § 26(b) is, in effect, an advance of sick leave which must be earned after the fire fighter returns to duty. Since a permanently disabled fire fighter could not return to active duty, the Court reasons that such a person would not be entitled to an advance of sick leave. This argument does not apply to the current situation. Section 26(b)'s extension of sick leave would apply to those situations covered by § 26(f) where a police officer or fire fighter suffered a line of duty illness and is temporarily disabled, but is not on a pension plan. In the instant case, however, Odle suffered a permanent line of duty injury, and was on a pension plan. *See* discussion *infra*.

the city could advance additional sick leave time if the employee could conclusively prove that he was disabled because of an illness incurred in the line of duty.

However, Captain Odle's situation most closely resembles that of a police officer or fire fighter, under a pension plan, who suffered a temporary disability in the line of duty. *Id.* § 26(e). Both Odle and the employee in § 26(e) suffered a line of duty injury. Both were under a pension plan. Both were entitled to a one year injury leave plus any extension that the city might wish to grant. In fact, Odle received a one year leave of absence at full pay, plus an eleven month extension at full pay voluntarily granted by the City. Rather than allowing Captain Odle to draw temporarily on his pension plan after his leave of absence, the City caused Odle, who was sixty-seven years old, to draw permanently on his pension plan, thereby effectively retiring him from the active service. As with any disabled employee covered by a pension plan who incurs an injury in the line of duty, Captain Odle is not entitled to use of all of his accumulated sick leave. Since the City retired Odle, he is limited to the ninety day provision set out in paragraph (c).

The Court commits its third and final error in interpreting the general rule of paragraph (c) itself to exclude Odle. Paragraph (c) by its terms applied to an employee who, "for any reason leaves the classified service." The Court determines that "leaves" includes only voluntary departures, citing *City of Fort Worth v. Bostick,* 479 S.W.2d 350, 352–54 (Tex.Civ.App.— Fort Worth 1972, writ ref'd n.r.e.), which determined that the word "leaves" connotes a voluntary departure.[10] However, there is nothing in the statute to indicate that "leaving" must be voluntary. Indeed, the word "leave" generally means "to go away from permanently; to remove from,

cease to reside …, to cease to belong to…." *The Oxford English Dictionary Volume I* L–164 (1988) (compact edition). I find the court's reasoning in *City of Galveston v. Landrum,* 533 S.W.2d 394 (Tex. Civ.App.—Houston [1st Dist.] 1976, writ ref'd n.r.e.), more persuasive. That court construed the phrase "for any reason leaves the classified service" to mean "leaves the classified service, whether voluntarily or involuntarily." *Id.* at 397. Surely, this is the ordinary common understanding of the phrase; and I see nothing in the language, history, or structure of the statute to suggest another reading. When Odle was discharged, he ceased being an employee of the department. Thus, he left for "a reason." What that reason was, or who initiated the events resulting in the leaving, is not within the statutory inquiry; what matters is that the employee is no longer with the department.

It is easy to sympathize with Captain Odle, who rendered more than thirty years of service to the City of Denison as a fire fighter without ever using the fifteen days per year of sick leave he could have claimed if ill. But sympathy is an insufficient and ultimately inequitable ground for statutory construction. I read the former law which governs this case as requiring the taxpayers of Denison to pay Captain Odle one year injury leave, any desired extension (here, eleven months at full pay), plus ninety days for accumulated sick leave. I do not read the law as requiring, in addition to that, a further three hundred eighty-three days of sick leave. Hence, I dissent.

GONZALEZ, HECHT, and CORNYN, JJ., join in this dissent.

HECHT, Justice, dissenting.

I join in CHIEF JUSTICE PHILLIPS' dissenting opinion and write separately only to

---

**10.** *Bostick* is distinguishable from the present case for numerous reasons. First, *Bostick* did not indicate whether a pension plan was implicated. In the instant case, Odle is under a pension plan. Second, *Bostick* involved a fire fighter who had not yet reached the mandatory retirement age, whereas Odle was in a discretionary phase, i.e., between sixty-five years of age and seventy. Third, the City of Denison is not subject to Senate Bill 622, as was Fort Worth. Senate Bill 622 provided that a fire fighter could not be involuntarily retired before reaching the mandatory retirement age if he was physically fit and able to perform his duties. Clearly, Odle is not physically able to perform his duties since he is permanently disabled.

point out one additional consequence of the Court's opinion.

The statute which the Court construes, former Tex.Rev.Civ.Stat.Ann. art. 1269m, § 26, Act of June 17, 1983, 68th Leg., R.S., ch. 420, § 11, 1983 Tex.Gen. Laws 2246, 2270–2273, was repealed by Act of May 31, 1987, 70th Leg., R.S., ch. 149, § 49, 1987 Tex.Gen. Laws 707, 1307, and recodified as TEX. LOCAL GOV'T CODE §§ 143.045, 143.073, 143.074. Before its recodification, section 26(b) stated:

> Sick leave with pay may be accumulated without limit and may be used while an employee is unable to work because of any bona fide illness. In the event that the said employee can conclusively prove that the illness was incurred while in performance of his duties, an extension of sick leave in case of exhaustion of time shall be granted.

It appears that the Legislature intended no substantive change in moving the provision to the new code. *Id.* § 1.001(a).[1]

Essential to the result the Court achieves in this case is its holding that the phrase "bona fide illness" in section 26(b) includes injury. The Court recognizes that if illness includes injury, then the second sentence of section 26(b) would seem to allow an employee injured on duty to continue on sick leave until he has fully recovered, no matter how long that might take. A permanently disabled employee would be entitled to paid sick leave the rest of his life. Rather than reject a construction of the statute which yields so absurd a consequence, as the court of appeals did, the Court attempts to avoid this effect of equating illness and injury by means of the following argument:

> In this context, the words "extension of sick leave" mean an *advance* of sick leave. Therefore, a fire fighter with a line of duty disability is entitled to an advance of sick leave. The sick leave which is advanced must be earned after the fire fighter returns to duty. There-

fore, a permanently disabled fire fighter would not be entitled to an advance of sick leave because he would be able to later earn the sick leave advanced to him.

*Ante,* at 937.

The Court does not appear to recognize the transparent inadequacy of this argument. In the Court's view, whenever a fire fighter is temporarily disabled, he is entitled to an unlimited advance of sick leave until he has recovered. It is not hard to imagine circumstances in which a fire fighter might require such an extended period of sick leave for one or more temporary disabilities that it would take decades of service to earn back, at the rate of 15 days per year, all the time taken. As long as a fire fighter were disabled just short of permanently, say for only one or two or five or ten or twenty or thirty years, he would be entitled to paid sick leave the entire time, since it would always be *possible* that he might later earn the sick leave advanced to him. Of course, the fire fighter is not obliged to recompense any unearned sick leave, and he would be free to terminate his employment at any time and never earn back the sick leave advanced to him.

The Court's construction of section 26(b) unavoidably gives every fire fighter injured on duty and not permanently disabled an indefinite pension. As long as a fire fighter can show that he is only temporarily disabled, even if temporary should be for a very long time, he is entitled to sick leave. Perhaps this is good policy and precisely what the Legislature intended, although the Court does not seem to think so, since it tries to avoid this result. In any event, it *is* a consequence of today's decision— whether it should be or not—that the Court cannot escape.

Wrenching one part of a writing from its context often leaves other parts sharp and twisted, their meaning misshapen. The

---

1. The new provision which corresponds to section 26(b) is section 143.045(b), which states: "A fire fighter or police officer may accumulate sick leave without limit and may use the leave if unable to work because of a bona fide illness. If an ill fire fighter or police officer exhausts the sick leave and can conclusively prove that the illness was incurred in the performance of duties, an extension of sick leave shall be granted."

damage done may be irreparable. It is here, I think, and accordingly I dissent.