Office of the Attorney General · State of Texas

September 24, 1999

The Honorable José R. Rodríguez
County Attorney, El Paso County
County Courthouse
500 East San Antonio, Room 203
El Paso, Texas 79901

Opinion No. JC-0115

Re: Whether a school district may award back pay to employees who were indicted, suspended, and subsequently acquitted (RQ-0035)

Dear Mr. Rodríguez:

You have requested our opinion regarding whether the El Paso Independent School District (the "District") is precluded either by article III, sections 52 and 53 of the Texas Constitution, or by section 45.105 of the Education Code from awarding back pay to employees who were indicted, suspended, and subsequently acquitted. We conclude that the District may award back pay, but that it is not required to do so.

You indicate that a number of employees of the El Paso Independent School District were indicted on charges of theft and bribery. They were first suspended without pay, and then terminated from employment. Several were subsequently acquitted, and those individuals were thereafter reinstated after filing grievances. These reinstated employees are now seeking back pay from the period of time of their initial suspension until their reinstatement.

Article III, section 52 of the Texas Constitution provides, in part: "[T]he Legislature shall have no power to authorize any county, city, town or other political corporation or subdivision of the State to lend its credit or to grant public money or thing of value in aid of, or to any individual . . . ." Similarly, article III, section 53 of the Texas Constitution, provides, in relevant part: "The Legislature shall have no power to grant, or to authorize any county or municipal authority to grant, any extra compensation, fee or allowance to a public officer, agent, servant or contractor, after service has been rendered. . . ." Although this constitutional prohibition is literally applicable only to counties and municipalities, it has been construed to apply to an independent school district. See *Harlingen Indep. Sch. Dist. v. C.H. Page & Bro.*, 48 S.W.2d 983, 986 (Tex. Comm'n App. 1932, holding approved).

Attorney General Opinion H-402 considered whether a county employee who was suspended and later reinstated could be awarded back pay in light of article III, section 53. The opinion concluded that the commissioners court was not authorized to grant back pay unless there had existed, prior to the award of back pay, a policy permitting the practice. Under such circumstances, the policy could be viewed as a term of the employee's contract, *i.e.*, "a condition of employment

no different than the rate of compensation or amount of vacation an employee is to receive." Tex. Att'y Gen. Op. No. H-402 (1974) at 2. As this office noted in Attorney General Opinion H-1303, "these constitutional provisions [article III, sections 44, 51, 52 and 53] do not prohibit the payment of benefits to employees under the terms of a contract of employment." Tex. Att'y Gen. Op. No. H-1303 (1978) at 3; *see also Byrd v. City of Dallas*, 6 S.W.2d 738 (Tex. 1928); *City of Corpus Christi v. Hershbach*, 536 S.W.2d 653 (Tex. Civ. App.–Corpus Christi 1976, writ ref'd n.r.e.); *City of Galveston v. Landrum*, 533 S.W.2d 394 (Tex. Civ. App.–Houston [1st Dist.] 1976, writ ref'd n.r.e.).

In the situation you present, there is a dispute between the employees and the Board of Trustees (the "Board") regarding whether such a policy existed in the El Paso Independent School District. The employees cite the following provision of the District's personnel policies: "If the superintendent declines to reinstate the employee after the disposition of the criminal charge, or reinstates the employee without back pay, the employee may file a written grievance within the time lines established in applicable legal and local policies." Letter from Honorable José R. Rodríguez, El Paso County Attorney, to Honorable John Cornyn, Attorney General (Exhibit D) (Mar. 3, 1999) (on file with Opinion Committee). We assume that this policy was in effect at the time of the employees' suspension. Although no portion of the personnel policies we have been provided affirmatively sanctions an employee's right to back pay, the quoted provision appears to permit the practice. Indeed, an aggrieved employee who is acquitted of a criminal charge, and is reinstated without back pay, is specifically afforded the right to "file a written grievance" to recover this amount. Assuming this is what the provision means, the quoted provision would be in our view sufficient to constitute a prior written "condition of employment" within the terms of Attorney General Opinion H-402. Thus, the Board *may* award back pay without contravening article III, sections 52 or 53.

The Board is not, however, required to award back pay. The Board may find, for any valid reason, that an employee is not *entitled* to back pay. Attorney General Opinion H-402 stands merely for the proposition that the Board is not prohibited by the constitution from awarding back pay if there was a prior district policy permitting the practice.

You also suggest that section 45.105 of the Education Code might preclude the District from awarding back pay in the situation before us. This statute restricts a district's use of "the state and county available funds," and "local school funds." We find nothing in that statute that would prohibit the District from awarding back pay where such payment may validly be viewed as a prior "condition of employment." In Attorney General Opinion DM-48, this office said that the predecessor statute of section 45.105 "gives trustees of a school district broad discretion to expend local school funds," and that, consequently, a district has implied authority to pay its employees for their accrued sick leave. Tex. Att'y Gen. Op. No. DM-48 (1991) at 3. In our view, section 45.105 likewise permits a school district to award back pay to a particular employee so long as the district had a policy permitting back pay effective at the time the employee was suspended.

### S U M M A R Y

The El Paso Independent School District appears to have had a policy permitting the award of back pay to an employee who is suspended or terminated from employment and subsequently reinstated. As a result, the District *may* grant such back pay without contravening article III, sections 52 and 53 of the Texas Constitution. The District is not, however, *required* to award back pay, and may decline to do so for any valid reason. Section 45.105 of the Texas Education Code permits the District to award back pay.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee